The Honorable David W. Christel
The Honorable Theresa L. Fricke
United States Magistrate Judges

# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR23-5085DGE |
| Plaintiff, | |
| | UNITED STATES' MEMORANDUM IN SUPPORT OF DETENTION MOTIONS |
| v. | |
| JESSE JAMES BAILEY, et al., | |
| Defendants. | |

## I.    INTRODUCTION

The United States respectfully submits this memorandum in support of its detention motions in this matter. This memorandum will provide a brief overview of the investigation that led to these charges, summarize the applicable law relating to detention, and address specific facts presently known to the government relevant to the individual defendants' continued detention.

## II.    BACKGROUND OF THE INVESTIGATION

This case arose out of an investigation jointly conducted by the Federal Bureau of Investigation (FBI), the Drug Enforcement Administration (DEA), and other federal and local law enforcement agencies. The investigation focused on two prison gangs, the

Memorandum in Support of Detention - 1
*United States v. Bailey, et al.* / CR23-5085DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Aryan Family and Omerta, which are predominately white prison gangs that have presence both in and out of prison facilities, and which engage in drug trafficking and other criminal activities as their primary purpose. The investigation identified numerous individuals affiliated with the gangs determined to have been involved in drug trafficking, money laundering activities, and the distribution of multi-pound quantities of narcotics, including fentanyl, methamphetamine, heroin, and cocaine, throughout western Washington and other states. Investigators refer to this network of suspected drug traffickers as the Aryan Family/Omerta Drug Trafficking Organization (DTO).[1]

This investigation ultimately led to the use of court-authorized Title III wire interceptions. In total, agents received authorization to intercept ten separate target telephones, with interceptions occurring between July and December 2022.

Wiretap interceptions, search warrants, and other investigative techniques revealed a massive conspiracy to distribute large amounts of narcotics, including fentanyl, methamphetamine, heroin, and other drugs. Prior to the execution of search warrants and the arrests of defendants on the present indictment, investigators seized an estimated 830,000 fentanyl pills, 5.5 pounds of fentanyl powder, 223 pounds of methamphetamine, 3.5 pounds of heroin, five pounds of cocaine, $388,000 of suspected drug trafficking proceeds, and 48 firearms from individuals involved in the drug trafficking conspiracy.

During the coordinated arrests and searches that took place beginning on March 22, 2023, law enforcement seized additional evidence from numerous locations in Washington and Arizona (where certain targets of the investigation had relocated following earlier searches of their residences as part of the investigation), including approximately 22 pounds of methamphetamine, 26 pounds of fentanyl in pill and powder

---

[1] While investigators have referred to this organization as the Aryan Family/Omerta DTO, investigators have learned during the investigation that this DTO is more expansive and has more associates, including sources of supply. For consistency, investigators will continue to refer to this organization as the Aryan Family/Omerta DTO.

Memorandum in Support of Detention - 2
*United States v. Bailey, et al.* / CR23-5085DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

form, six pounds of heroin, more than $330,000 of suspected drug proceeds, and 177 firearms.[2]

### III.    LEGAL STANDARDS FOR DETENTION

The Bail Reform Act provides that a court should detain a defendant pending trial if "no condition or combination of conditions . . . will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

The Bail Reform Act identifies four factors that a court should consider in analyzing detention issues: "(1) The nature and circumstances of the offense charged, including whether the offense . . . involves a narcotic drug; (2) the weight of the evidence . . . ; (3) the history and characteristics of the person, including . . . family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, . . . ; and . . . (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . ." 18 U.S.C. § 3142(g). Of these factors, the weight of evidence is least important, and the statute neither requires nor permits pretrial determination of guilt. 18 U.S.C. § 3142(g).

The United States typically bears the burden of showing that a defendant poses a danger to the community by clear and convincing evidence, and it bears the burden of showing that a defendant poses a flight risk by a preponderance of the evidence. *United States v. Gebro*, 948 F.2d 1118, 1120 (9th Cir. 1991). However, where, as here defendants are charged with one or more serious Title 21 offenses, the Bail Reform Act expressly provides that:

> [s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an

---

[2] Evidence collected since March 22 is still being documented at this time. These totals are estimates.

offense for which a maximum term of imprisonment of ten years or more is
prescribed in the Controlled Substances Act (21 U.S.C. 801 *et seq.*) . . . or
an offense under section 924(c) . . . of title 18 of the United States Code . . .

18 U.S.C. § 3142(e). The return of an indictment is sufficient to support a finding of

probable cause, triggering the rebuttable presumption. *United States v. Hazime*, 762 F.2d

34, 37 (6th Cir. 1985); *United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986); *United

States v. Stricklin*, 932 F.2d 1353, 1354 (10th Cir. 1991).

In a case where the presumption applies, Courts have found that the *defendant*

bears the burden of producing evidence that he does not pose a danger to the community

or risk of flight in order to rebut the presumption. *See United States v. Abad*, 350 F.3d

793, 797 (8th Cir. 2003); *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir.2001);

*Stricklin*, 932 F.2d at 1354. The government retains the burden of persuasion. *Mercedes*,

254 F.3d at 436.

However, even if a defendant has met his burden of production relating to these

two factors, the presumption favoring detention does not disappear. Rather, it remains a

factor to be considered among those weighed by the district court. *See Stricklin*, 932 F.2d

at 1354-55; *Mercedes*, 254 F.3d at 436; *United States v. Rueben*, 974 F.2d 580, 586 (5th

Cir. 1992). If the presumption were to vanish once a defendant produced *some* evidence,

courts would not give adequate deference to the fact that Congress has determined "that

drug offenders pose a special risk of flight and dangerousness to society." *United States

v. Martir*, 782 F.2d 1141, 1144 (2d Cir.1986); *United States v. Hare*, 873 F.2d 796, 798

99 (5th Cir.1989).

Finally, it is well-settled that at a detention hearing the government may present

evidence by way of an evidentiary proffer sufficient to make the court aware of the

defendant's role in the offense, the weight of the evidence against the defendant, and

other relevant factors. *See, e.g. United States v. Salerno*, 481 U.S. 739, 743 (1987);

*United States v. Winsor*, 785 F.2d 757 (9th Cir. 1986); *United States v. Cardenas*, 784

F.2d 937 (9th Cir.), *vacated as moot upon defendant's conviction*, 792 F.2d 906 (9th Cir.

Memorandum in Support of Detention - 4
*United States v. Bailey, et al.* / CR23-5085DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1986). The statements of fact herein, which are based on the sworn wiretap and search warrant affidavits, summaries of the results of said searches and wiretap interceptions, and information obtained at the time of the defendants' arrests, is presented as such a proffer.

## IV.    INDIVIDUAL DEFENDANTS' ROLES AND CONDUCT

The following is a summary of some of the facts related to certain individual defendants related to their roles in and conduct during the conspiracy that is related to the danger they present to the community and their risk of flight.[3]

## A.    JESSE JAMES BAILEY and CANDACE BAILEY (née WENDELIN)

Jesse James Bailey (Jesse Bailey) is a leader in the Aryan Family prison gang, based on Washington Department of Corrections (DOC) information. Jesse Bailey is a formerly convicted felon who has a criminal history including convictions for assault, drug possession, attempting to elude, theft, and unlawful possession of a firearm. Jesse Bailey was determined to be a drug trafficker and source of supply of fentanyl, methamphetamine, and heroin to redistributors in Washington and other states, including many of the defendants in this case.

Candace Bailey is married to Jesse Bailey and is herself affiliated with the Aryan Family. Candace Bailey was formerly a Washington DOC prison guard before being terminated following an investigation into her romantic relationship with Jesse Bailey. Candace Bailey is a partner in Jesse Bailey's drug trafficking and supplies firearms to Jesse Bailey. Candace Bailey also participates in money laundering activities.

On February 11, 2022, United States Magistrate Judge David W. Christel issued a warrant to search Storage Unit Number 16 at Prime Storage in University Place,

---

[3] This summary does not include all of the evidence in support of the charges in the indictment, but rather is intended to illustrate some of the conduct that the defendants engaged that supports a determination that they present a danger to the community and a risk of flight. Information in this section is based on facts obtained from search warrant and wiretap applications in this investigation, seizures, observations, and other evidence gathered by law enforcement as part of the investigation. References to criminal history are based on a review of NCIC criminal history reports.

Memorandum in Support of Detention - 5
*United States v. Bailey, et al.* / CR23-5085DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Washington. The storage unit was rented by Candace Bailey. Prior investigation identified this Storage Unit as used by Jesse Bailey. The warrant authorized agents to enter the storage unit covertly to avoid notifying Bailey and/or his criminal associates of the federal investigation into their drug trafficking organization. Inside the storage unit law enforcement located and seized approximately 19 firearms, 3,372 grams of suspected methamphetamine, 1,322 grams of suspected fentanyl-laced pills, over $210,000 in United States currency, and other contraband items. The majority of the cash and the firearms were located inside a locked safe within the storage unit. The code used to open the safe was Jesse Bailey's birth date. The photograph below depicts items that were seized from the storage unit:



Many of the firearms were registered to Candace Bailey. Candace Bailey subsequently reported to police that guns and cash had been stolen out of the storage unit,

Memorandum in Support of Detention - 6
*United States v. Bailey, et al.* / CR23-5085DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

and that the money stolen was casino winnings. Candace Bailey stated that Jesse Bailey had a key to storage unit.

Based on records of firearms sales, the investigation has determined that Candace Bailey is a frequent purchaser of firearms and firearm parts. Candace Bailey is known to have illegally provided firearms to Jesse Bailey, and has been surveilled purchasing firearms parts with Jesse Bailey. On December 3, 2022, in an intercepted call between Jesse Bailey and Thomas Carver, Jesse Bailey stated he had to stop at Sportco because "wifey [Candace Bailey] got me a fucking Christmas present. . . . It's a Benelli M4." The Benelli M4 is a model of tactical shotgun typically priced at over $2,000.

On July 28, 2022, intercepted calls and physical surveillance indicated that Jesse Bailey was conducting a meeting with co-defendant Bryson Gill related to the purchase of fentanyl pills. In intercepted calls, Jesse Bailey and Candace Bailey had discussed the purchase of up to 800,000 pills from Gill, the price of the pills, the availability of methamphetamine and heroin, and the particular meeting on that day. When Jesse Bailey mentioned the price of 70 cents per pill and the profit of 40 cents per pill they would make, Candace Bailey replied, "Sounds perfect."

In another intercepted call on August 14, 2022, Jesse Bailey had a three-way conversation with Ronnie Griffin and Candace Bailey in which Jesse Bailey asked Candace Bailey to relate a story about a meeting with other drug distributors who wanted to share profits from drug distribution. Candace Bailey related that they were talking about "dark" [heroin], and said she told the others present, "'Not one motherfucker in this room is moving it, only us, so why would we give you any of the money we work hard for?" The Baileys also discussed declining to agree to keeping a ledger proposed by the others, because it would be evidence of criminal activity, with Candace saying, "You guys go take your RICO case."

On March 22, 2023, a search warrant and arrest warrants were served at the residence of Jesse Bailey and Candace Bailey. Jesse Bailey was the last person to exit the

Memorandum in Support of Detention - 7
*United States v. Bailey, et al.* / CR23-5085DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  house, and there were indications that he disposed of drugs in the location prior to

2  surrendering to law enforcement (a drug detecting canine strongly alerted to a toilet in the

3  residence and officers located apparent heroin residue in the bathroom sink). Inside the

4  residence law enforcement located firearms and firearms parts kits. This included one

5  handgun that was under the mattress of Jesse Bailey's bed. Approximately 30 total

6  firearms or firearms kits were located in the Bailey's residence, in various locations

7  including a gun safe in the garage. The firearms included 13 rifles or shotguns. Also

8  located in the residence was approximately over $160,000 in bulk currency.

9      Jesse Bailey's leadership role in the conspiracy, his gang membership, his criminal

10  history, and his unlawful possession of firearms all demonstrate that he presents a danger

11  to the public and a risk of nonappearance.

12      Candace Bailey played a critical role in enabling, directing, and concealing the

13  Aryan Family/Omerta DTO's criminal conduct. Her role in the charged conspiracy,

14  including unlawfully supplying firearms, and her leadership in the distribution of large

15  amounts of narcotics, demonstrate that she is a danger to the public.

16  **B.    THOMAS CARVER**

17      Thomas Carver partnered with Jesse Bailey to supply narcotics to redistributors,

18  and was a distributor of large quantities of methamphetamine, including to several of the

19  targets in this investigation. Carver has a criminal history including convictions for

20  violations of Washington's Uniform Controlled Substance Act, manufacturing/delivering

21  methamphetamines, and possession of stolen property.

22      Carver was frequently in contact with Jesse Bailey during the periods of wire

23  interceptions discussing drug trafficking. In Carver's and Jesse Bailey's calls, they

24  discussed obtaining and distributing large quantities of narcotics, including

25  methamphetamine in quantities of 50 pounds or more and fentanyl pills in quantities of

26  10,000 pills, on a frequent basis.

27  //

Memorandum in Support of Detention - 8
*United States v. Bailey, et al.* / CR23-5085DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Carver obtained methamphetamine from co-defendant Gustavo Castellanos-Tapia, with whom he was also intercepted speaking. Tapia frequently delivered the drugs to Carver in rolling suitcases he would deliver to Carver. On December 15, 2022, Carver and Tapia set up a delivery of methamphetamine to Carver. Tapia was later stopped and his vehicle was searched. Inside the trunk of Tapia's vehicle was a suitcase found to containing approximately 48 pounds of suspected methamphetamine, pictured below:



A search warrant served at Carver's residence in conjunction with his arrest on March 22, 2022, resulted in the discovery and seizure of four firearms, methamphetamine, suspected fentanyl pills, and heroin. Specifically, in the RV where Carver was located, law enforcement found two guns, bulk cash estimated to be at least $40,000, hundreds of fentanyl pills, and methamphetamine. Also on the property were several stolen vehicles.

Carver's conduct in this case, his criminal history, and his recent possession of drugs, numerous firearms, and stolen vehicles demonstrate that he poses a danger to the community and a risk of flight. Carver has access to substantial assets in the form of property and vehicles, apparent access to cash, and the means to flee.

Memorandum in Support of Detention - 9
*United States v. Bailey, et al.* / CR23-5085DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Further, nothing about Carver's physical condition mitigates these risks. Carver was seen on surveillance throughout this investigation driving to meet with Jesse Bailey and their drug customers and visiting his stash house, demonstrating his ability to drive and travel. Nothing about his medical conditions addresses the issues of danger or risk of nonappearance, and he will have access to medical treatment while in custody, which treatment can be monitored and ordered modified by the Court if it appears inadequate.

## C.    BRYSON GILL

Bryson Gill is a drug trafficker who supplied Jesse and Candace Bailey, Carver, and others. Gill has a criminal history involving driving under the influence, unlawful possession of a firearm, assault, drug possession, possession with intent to deliver narcotics, misconduct with body armor, and possession of weapon in a drug offense.

Gill and his associates, Michael Slocumb, Michael Warren, and Isaac Cervantes, worked together to transport fentanyl, methamphetamine, and other drugs into the State of Washington from Arizona, stored and re-sold them, and manufactured fentanyl pills at a stash house and pill press operation at Warren's residence in Shelton, Washington. During the investigation, surveillance showed that this group repeatedly traveled to Arizona and back to transport narcotics for re-distribution.

Intercepted calls revealed Gill, Slocumb, and Cervantes discussing drug transactions, with Gill giving directions, and Slocumb and Cervantes carrying them out and reporting on the status of drug stashes, including the quantities of drugs available and the progress of pill press operations.

On December 9, 2022, the residences of Gill, Slocumb, Warren, and Cervantes were searched pursuant to federal search warrants. Agents seized approximately 650,000 suspected fentanyl pills, two pill presses, 15.6 kilograms of suspected methamphetamine, approximately one-half kilogram of fentanyl powder, and nine firearms from Warren's Shelton residence. They seized approximately 360 grams of fentanyl powder, and nine firearms from Warren' Shelton residence. They seized approximately 360 grams of

Memorandum in Support of Detention - 10
*United States v. Bailey, et al. / CR23-5085DGE*

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

fentanyl powder, 66 grams of suspected fentanyl pills, 10 firearms, one firearm suppressor/silencer, and approximately $56,000 in U.S. currency from the Graham residence. They seized four firearms at Cervantes' residence. The photograph below depicts fentanyl pills seized from the Shelton location:



The day after the search warrants noted above, Gill made an intercepted phone call to Bailey. In the call, Gill stated that his house was searched as well as three other locations including the "stash." Gill said, "They hit me, they hit each of my people you've met," in an apparent reference to the searches and arrests of Slocumb, Warren, and Cervantes. Gill stated that agents got "the stamper" and everything, in an apparent reference to the seizure of the pill press equipment. Gill said that the agents found "a half ounce of fetty [fentanyl]" in "my partner's trailer." "My partner" is clearly a reference to Slocumb, who was living in a trailer on Gill's property, and agents located fentanyl inside Slocumb's trailer. Gill also said that federal agents came to his house and took guns. Gill

Memorandum in Support of Detention - 11
*United States v. Bailey, et al.* / CR23-5085DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

told Bailey that Gill would be leaving the state and advised Bailey he may want to do the same.

Gill, Slocumb, and Cervantes relocated to Arizona following the searches of their residences. On March 22, 2022, Gill, Slocumb, and Cervantes were arrested in Arizona, and search warrants were served on known locations associated with them in Arizona. Results of the searches are still pending, but include the recovery of an estimated 75 firearms, rifles, and un-serialized firearms parts. The photograph below depicts some of the firearms recovered from the search at the Concho, Arizona property used by Gill and his associates.



**D.    YEHOSHUA KILP**

Yehoshua ("Yashi") Kilp is a drug redistributor who coordinated drug trafficking activities with Jesse Bailey. Kilp is affiliated with the No Remorse prison gang, which has allegiances to the Aryan Family. Kilp has a criminal history including convictions for

Memorandum in Support of Detention - 12
*United States v. Bailey, et al.* / CR23-5085DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

identity theft, possession of a stolen vehicle, residential burglary, drug possession, unlawful possession of a firearm, and unlawful factoring of a credit card.

On August 10, 2022, based on intercepted communications of Kilp and surveillance observations, investigators learned that Kilp was storing methamphetamine and other drugs at an apartment located at on N. Tacoma Avenue in Tacoma, Washington. On August 11, 2022, Judge Christel authorized a search warrant for the apartment, which was executed that same date. The apartment was unoccupied at the time of the search, and investigators located and seized approximately 104 pounds of methamphetamine in mustard-colored packaging, one kilogram of suspected fentanyl powder and more than 20,000 suspected fentanyl pills. The photograph below depicts items that were seized from the apartment:



The next day, in an intercepted call, Kilp and Bailey discussed the loss of methamphetamine and fentanyl from Kilp's apartment. Kilp compared the search warrant that took place at his apartment to the prior search warrant that took place at Bailey's storage unit on February 11, 2022 (see above, pages 5-6). Bailey told Kilp that he

Memorandum in Support of Detention - 13
*United States v. Bailey, et al.* / CR23-5085DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

(Bailey) was the main source of supply for methamphetamine in his area, and Kilp asked Bailey to see if any of his customers had suddenly found a new source of supply because Kilp believed his drugs had been stolen and were likely being resold.

**E.    RONALDO MCCOMB**

McComb is an influential member of the Aryan Family prison gang, who has a criminal history including convictions for assault, escape, possession of stolen property, possession with intent to deliver narcotics, and robbery. McComb acted as a redistributor of narcotics and was a customer of Jesse Bailey. McComb is also known to be involved in shipping drugs to Alaska.

On February 7, 2022, after investigators saw Jesse Bailey meet with McComb in Centralia, Washington in what was suspected to be a drug transaction, investigators obtained a warrant to search McComb's BMW. Pursuant to the warrant, law enforcement located a handgun, approximately 1,000 fentanyl pills, and approximately 500 grams of heroin in a black bag inside the trunk of the BMW.

In an intercepted call on August 11, 2022, McComb discussed a purchase of narcotics from Bailey, including "20,000 blues" ("blues" is a common term for fentanyl pills) and "20 white" (a reference to 20 pounds of methamphetamine). The next day, more calls indicated Jesse Bailey and McComb would be meeting for a drug transaction at the ilani Casino. Surveillance observed McComb, Jesse Bailey, and Candace Bailey meet at the casino. Telephone interceptions confirmed that a narcotics transaction had taken place, and McComb stated to Bailey that he also had a shotgun in the trunk of his vehicle at the time the narcotics transaction had taken place.

On January 30, 2022, McComb was observed sending a package under a fictitious name to Alaska. The package was interdicted and was found to contain ten separate bags containing an approximate total of 85,000 fentanyl pills.

McComb's extensive involvement in drug trafficking, gang affiliation, criminal history and history of flight (in addition to the escape conviction, McComb has had

Memorandum in Support of Detention - 14
*United States v. Bailey, et al.* / CR23-5085DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

numerous warrants issue for failure to appear or supervision violations), and links to Alaska demonstrate he poses a danger to the public and a risk of nonappearance.

## F.    SEAN MOINETTE

Moinette is a drug re-distributor who obtained narcotics from Kilp. Moinette has a criminal history including felony convictions for hit and run, possession of stolen property, assault, theft, attempted vehicular assault, possession of a firearm, and violations of the Uniform Controlled Substances Act.

Moinette was intercepted speaking to Kilp about his plan to transport fentanyl powder from Washington to Alaska using women as drug mules (which he referred to as "live shipping containers"), and Moinette also distributes methamphetamine throughout Washington, based on intercepted calls. One of Moinette's couriers successfully evaded law enforcement after they attempted to conduct a traffic stop on her vehicle following intercepted calls indicating she was picking up drugs from Kilp. In calls setting up this transaction, Moinette explained to Kilp that his courier is a fentanyl smoker and that he does not want her trying the stuff, and asks Kilp to wrap it in four layers because he doesn't want any "dead bodies."

Moinette's criminal conduct, along with his extensive criminal history, numerous warrants for past failures to appear, and poor performance on supervision all demonstrate he poses a danger to the public and a risk of nonappearance.

## G.    MICHAEL WARREN

Warren assisted Gill, Slocumb, and Cervantes in their trafficking activities. Warren's residence was used as a stash house for narcotics and as a pill press operation in the manufacturing of fentanyl pills. During the search at Warren's residence on December 9, 2022, agents recovered approximately 640,000 fentanyl pills, over 15 kilograms of methamphetamine, approximately a kilogram of fentanyl powder, two pill presses, over $80,000 in suspected drug proceeds, and approximately 23 firearms and a firearm silencer.

Memorandum in Support of Detention - 15
*United States v. Bailey, et al.* / CR23-5085DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Warren's criminal conduct, his criminal history, his weapons possession, demonstrate he poses a danger to the public and a risk of nonappearance.

## H.    ISAAC CERVANTES

Cervantes assisted Gill in his drug trafficking from Arizona to Washington and in the manufacturing and distribution of fentanyl pills in Washington. Cervantes was arrested in July 2021 by Oregon State Patrol while driving a vehicle belonging to Gill from Arizona to Washington. In the vehicle were approximately 50,000 fentanyl pills and a handgun.

On December 9, 2022, Cervantes' home was searched in conjunction with the residences of Gill and Slocumb and the stash house/pill press operation. Inside Cervantes' residence agents located three handguns and a rifle with an attached high-capacity magazine containing 60 rounds of ammunition. Following the search warrants, Cervantes relocated to Arizona, along with Gill and Slocumb.

Cervantes' criminal conduct, firearms possession, and flight to Arizona following his prior arrest, demonstrate he poses a danger to the public and a risk of nonappearance.

## I.    SARA THOMPSON

Thompson worked with Kilp to redistribute fentanyl, methamphetamine, and other drugs. Thompson conducted large drug transactions on behalf of Kilp. Thompson would oversee Kilp's drug stash at times, and was present (and, based on intercepted calls, apparently hiding on another floor of the building) when law enforcement conducted the search warrant at Kilp's apartment that resulted in the seizure of 104 pounds of methamphetamine (see above, pages 11-12).

On July 28, 2022, in an intercepted text message, Kilp directed Thompson to "come get the back pack and gun and put them away." In other intercepted communications, Thompson sought directions from Kilp on conducting other drug transactions.

Memorandum in Support of Detention - 16
*United States v. Bailey, et al.* / CR23-5085DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

On March 22, 2023, law enforcement located Thompson to effect her arrest. Thompson came out of a residence and entered a vehicle. Law enforcement attempted to conduct a traffic stop on Thompson using a marked police unit with law enforcement lights. Thompson did not yield for the officers and pursuit was discontinued until undercover units were able to box her vehicle in and take her into custody.

Thompson's role and conduct in the charged conspiracy, her involvement in firearms possession, her criminal history, (which includes convictions for theft, and no less than ten failures to appear), and her recent flight from law enforcement demonstrate that she poses a danger to the public and a risk of nonappearance.

## J.    ERIC SMITH

Eric Smith is a drug redistributor for Jesse Bailey. Smith has a criminal history including convictions for manufacturing/delivering methamphetamine, theft, possession without a prescription, and possession of heroin. Smith was arrested twice from November to December 2022, and both times officers seized drug proceeds and/or drugs from Smith that are associated with the drugs Smith obtained from Bailey as discussed in contemporaneous wiretap calls. In November 2022, Tacoma police arrested Smith for a DOC warrant and seized from him approximately $20,000, almost 200 fentanyl pills, 280 grams of methamphetamine, and heroin. In December 2022, the Pierce County Sheriff's Department again arrested Smith for a DOC warrant; at the time, Smith was in possession of approximately 338 grams of methamphetamine, 100 fentanyl pills, 15 grams of heroin, and $16,000 in cash. The $16,000 corresponds to intercepted wiretap calls indicating Smith was supposed to bring proceeds to Griffin for drugs supplied by Bailey.

Smith's conduct in the charged conspiracy, his criminal history, and his poor performance on DOC supervision including multiple violations of supervision and the issuance of multiple warrants all demonstrate that he poses a danger to the public and a risk of nonappearance.

Memorandum in Support of Detention - 17
*United States v. Bailey, et al.* / CR23-5085DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

**K.    SHAWN ELLIS**

Ellis is a drug redistributor for Kilp. Ellis has a felony conviction for manufacturing/delivery of controlled substances. Wire interceptions captured Ellis setting up at least two large purchases of methamphetamine from Kilp. In both instances law enforcement observed Ellis meeting with Kilp shortly after the calls.

On March 22, 2023, Ellis was arrested pursuant to the warrant issued in this case. Ellis was driving a vehicle that was searched following his arrest. In Ellis' vehicle were several plastic buckets containing blue fentanyl pills, fentanyl powder, cocaine, methamphetamine, suboxone, and other suspected controlled substances, as well as four firearms including a shotgun, two pistols, and a suspected fully automatic firearm. Some of the items seized from the vehicle during Ellis' arrest are pictured below:

 

Ellis' criminal history, his possession of numerous firearms, and the extent of his involvement in drug trafficking demonstrate that he poses a danger to the public.

**L.    JOSEPH HEMPEL**

Hempel is a high-volume drug redistributor for Jesse Bailey. Hempel has a criminal history including convictions for vehicle theft, burglary, reckless driving, manufacturing/delivering controlled substances, and conspiracy to distribute controlled

Memorandum in Support of Detention - 18
*United States v. Bailey, et al. / CR23-5085DGE*

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

substances. In intercepted communications between Hempel and Bailey, Hempel discussed purchasing pound quantities of methamphetamine from Bailey, Hempel's supply of fentanyl pills methamphetamine, and heroin, and prices for methamphetamine and fentanyl. In one call, Bailey provided the total price of Hempel's drug purchase as $41,700.

When arrested at his residence, agents found a large amount of suspected heroin (estimated at over a kilogram), several hundred suspected fentanyl pills, four firearms, including three rifles and a shotgun. The shotgun was found in the bedroom under a mattress, next to bulk currency (estimated at $12,000). Also located in the residence were flashbang grenades.

Hempel poses a danger to the public and a risk of nonappearance based on his criminal history which includes numerous bench warrants, and his recent possession of drugs, weapons, and bulk cash.

## M. PHILIP BOORKMAN

Boorkman is a drug redistributor for Kilp. Boorkman has a criminal history including nine felony convictions for rendering criminal assistance, forgery, possession of stolen property, residential burglary, and controlled substance possession.

Boorkman was arrested on March 22, 2023, at a residence. When officers observed Boorkman come out of the residence, they gave him commands in order to effect his arrest, but Boorkman fled on foot and threw what appeared to be a firearm. Boorkman was taken into custody after a short time, and the item he threw was recovered, which was determined to be a pellet gun.

Based on Boorkman's conduct in this case, his criminal history, his attempt to flee when surrounded by police, and his troubling possession of the replica firearm, he poses both a danger to the community and a risk of flight.

Memorandum in Support of Detention - 19
*United States v. Bailey, et al.* / CR23-5085DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

**N.    C'LA MORALES**

On July 26, 2022, investigators intercepted a phone call to Jesse Bailey from C'la Morales. Agents determined that they were discussing the search of Bailey's storage unit:

| | |
|---|---|
| Morales: | Hey, remember that bad thing that happened to your storage unit and they got a bunch of pow pows? |
| Bailey: | Yeah. |
| Morales: | Somebody's trying to sell me one, I'm gonna send you a picture of it, and let me know if that's one of yours or not. |
| Bailey: | Okay. |

Following this exchange, Bailey received a text message from Morales reading, "I guess it's fully auto too." Agents concluded Bailey and Morales were discussing the seizure of firearms, drugs, and cash from his storage unit, which Bailey believed was a burglary, and that Morales was describing an individual who was offering to sell what may have been a fully automatic firearm (pow pow), which Morales had suspicions that it may have been one of Bailey's guns.

On August 9, 2022, Morales had a series of text messages with Bailey in which they discussed narcotics prices and Morales placed an order for 10, 000 fentanyl pills. On December 3, 2022, Morales had a series of text messages with Bailey, during which Morales indicated she wanted to purchase ten "bunches," ten "nights," and two "days," which are clear coded references to 10,000 fentanyl pills, ten ounces of heroin, and two pounds of methamphetamine. Bailey and Morales also discussed that the more narcotics they moved, the cheaper the prices would be for her, and when Morales asked Bailey what the price for everything would be, Bailey indicated it would be $14,150.

Morales was arrested on March 22, 2023, at a storage unit. Upon the arrival of law enforcement, and her residence searched. Inside the storage unit, agents found a shotgun. A vehicle was parked in the storage unit, and three bags containing suspected fentanyl

Memorandum in Support of Detention - 20
*United States v. Bailey, et al.* / CR23-5085DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

pills under the hood of the vehicle in the engine compartment. A package of suspected heroin was found inside the trunk of the vehicle along with approximately $4,000 in bulk cash. A drug detecting canine positively responded to a vehicle parked outside of the storage unit. Agents determined the vehicle belonged to Morales vehicle was searched, and two handguns were located in the center console of the vehicle.

Morales' role and conduct in the charged conspiracy, her ongoing drug trafficking, and her possession of firearms, demonstrate that she poses a danger to the public and a risk of nonappearance.

## O.    RONNIE GRIFFIN

Griffin is a drug redistributor for Jesse Bailey. Griffin has approximately 19 felony convictions including convictions for attempting to eluding law enforcement, possession of a stolen vehicle, possession of stolen property, identity theft, forgery, theft, and controlled substance offenses.

Investigators established that Griffin used his primary residence in Tacoma to distribute and stash narcotics on behalf of the Aryan Family/Omerta DTO, and that Jesse Bailey has used that residence as a location to drop off narcotics intended for delivery to other narcotics redistributors. Intercepted calls revealed that Griffin placed orders with Bailey for pound quantities of methamphetamine and thousands of fentanyl pills.

On March 22, 2023, agents attempted to arrest Griffin at his residence. Griffin was ordered to come out of the house by the SWAT team, but did not come out for approximately 45 minutes. Griffin was finally taken into custody and a search warrant was executed at his residence. Upon making entry, agents found three firearms, including two handguns that were found in the tank of a toilet.

Griffin's criminal history, conduct in the charged conspiracy, and his possession of firearms at the time of his arrest demonstrate he poses a danger to the public and a risk of nonappearance.

Memorandum in Support of Detention - 21
*United States v. Bailey, et al.* / CR23-5085DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

**P.    DANIEL HAMMOND**

Hammond is a drug redistributor for Kilp. Hammond has a criminal history including convictions for criminal impersonation, identity theft, possession without a prescription, and riot-deadly weapon. Investigators intercepted numerous communications between Hammond and Kilp in which Hammond ordered pound quantities of methamphetamine and discussed distributing thousands of fentanyl pills.

Based on his criminal history, background, and the nature of the instant offense, Hammond poses a risk of danger and nonappearance.

**Q.    ANNA SARNES**

Sarnes is a drug redistributor for Jesse Bailey, Carver, and Kilp. Intercepted communications revealed Sarnes had placed an $18,000 order with Jesse Bailey for 22,500 fentanyl pills, which Bailey passed on to Carver. Surveillance captured Sarnes meeting with Carver to conduct the transaction, and a traffic stop on the vehicle driven by Sarnes resulted in the seizure of approximately 22,500 fentanyl pills, as well as large quantities of suspected methamphetamine, heroin, and fentanyl powder.

Pretrial Services notes that Sarnes has a history of failing to appear in her criminal matters. In five of these matters, she has had ten warrants issue for her failure to appear. Clearly, as Pretrial Services agrees, Sarnes poses a risk of nonappearance. Sarnes also poses a risk of danger to the community, as confirmed by Pretrial Services.

Pretrial Services' proposed conditions of release do nothing to address these concerns, as the only condition plausibly addressing flight and danger is a requirement that Sarnes engage in drug treatment. However, according to Sarnes herself, she has not been using controlled substances and hasn't used methamphetamine in four years. A drug treatment condition would therefore not be appropriate, or effective in reducing the danger that Sarnes poses. On the other hand, if Pretrial Services believes Sarnes has been deceitful about her lack of use of controlled substances, this is a much greater concern that renders her a greater risk of flight and a greater danger, and reduces the likelihood

Memorandum in Support of Detention - 22
*United States v. Bailey, et al.* / CR23-5085DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

that Sarnes would be compliant with conditions set by the Court and monitored by Pretrial Services.

**R.     ANTHONY ESCOTO**

Escoto is a drug redistributor for Carver who arranged to obtain fentanyl and methamphetamine from Carver though intercepted wiretap calls. Escoto has a lengthy criminal history including convictions for controlled substances offenses, burglary, assault, malicious mischief, hit and run, reckless driving, community custody violation, refusing to cooperate with officer, harassing telephone calls and violation of anti-harassment order, obstructing a law enforcement officer, possession of a dangerous weapon, making false statements, domestic violence, identity theft, custodial assault, and assault with a deadly weapon, among others.

Surveillance determined that Escoto, driven by co-defendant William Tripp, met Carver at Carver's residence and picked up the drugs from Carver. A traffic stop of the vehicle driven by Tripp resulted in the seizure of approximately 1,400 fentanyl pills, 33 grams of heroin, and a bag containing approximately 960 grams of methamphetamine, as well as baggies and a scale. The driver of the vehicle, Tripp, had a loaded handgun in a holster on his waistband when stopped by the police.

Pretrial Services determined that Escoto poses a danger to the public and that he poses a risk of nonappearance based on his use of aliases, history of failing to appear (a review of the Pretrial Services report discloses that Escoto has been the subject of dozens of warrants for his failure to appear over his long criminal history), and noncompliance with supervision.

Escoto acknowledges he has "several convictions" on his record (the actual number appears to be well over 40), and claims that he has performed well since his release from prison and placement on community custody. In reality, Escoto was returned to custody once, and was arrested twice since 2020 (for assault and obstructing an

Memorandum in Support of Detention - 23
*United States v. Bailey, et al.* / CR23-5085DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

officer/theft). Further, according to the Pretrial Services report, defendant made himself unavailable for supervision on seven occasions during his last period of supervision.

Further, while Escoto asserts he is not a risk of nonappearance because he claims he would benefit from the structure and family support of living with his "loving and supportive" father and stepmother who will "hold him accountable for complying with court orders," Escoto's own words belie this assertion. In an intercepted call to co-defendant Carver after the drugs he obtained from Carver were seized by law enforcement, Escoto discussed buying additional drugs from Carver to make up for the drugs he lost, and told Carver that his father would help him evade law enforcement detection, stating, "And they don't know where I live because my address on my ID goes to my dad's house, so I'm away from my dad's house. And my dad will tell the cops if you find him let us know, we don't ever see him. My dad is as solid as they go too."

## V.    CONCLUSION.

For the reasons set forth above, the government respectfully submits that the above defendants are unable to overcome the presumption against detention that applies to this matter, and should therefore be detained pending trial.

DATED this 26th day of March, 2023.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

_/s/ Max B. Shiner_
MAX B. SHINER
Assistant United States Attorney
1201 Pacific Ave., Suite 700
Tacoma, WA 98402
Telephone:    (253) 428-3800
E-mail:        max.shiner@usdoj.gov

Memorandum in Support of Detention - 24
*United States v. Bailey, et al.* / CR23-5085DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800