MAGISTRATE JUDGE CHRISTEL

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>     v.<br><br>Justin Hanson,<br><br>                    Defendant. | No. CR23-5085-27 DGE<br><br>DEFENDANT'S MEMORANDUM IN RESPONSE TO UNITED STATES' MOTION FOR DETENTION |

## I.    REQUEST

Justin Hanson, by and through his counsel, Matthew Diggs, moves this Court for an order denying the Government's motion for detention and releasing him to pretrial supervision pending trial.  The defendant – a life-long resident of Washington State – proposes a release plan below in Section IV to address the Court's reasonable concerns with non-appearance and the safety of the community based on his history of substance abuse.

## II.    LEGAL STANDARD

The Bail Reform Act mandates the release of a person facing trial unless no condition, or combination of conditions, will reasonably assure the appearance of a person as required and the safety of the community. 18 U.S.C. § 3142, et. seq. The provision that conditions "reasonably assure" appearance and safety requires an "objectively reasonable" assurance of community

MEMORANDUM OPPOSING DETENTION
(U.S. v. JUSTIN HANSON, CR23-5085 DGE) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150

safety and the defendant's appearance at trial, not a guarantee of appearance or safety. *See United States v. O'Brien*, 895 F.2d. 810 (1st Cir. 1990); *United States v. Fortna* 769 F.2d 243 (5th Cir. 1985). Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in favor of release. *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015). When seeking detention, the government bears the burden of establishing that a defendant is a flight risk by a preponderance of the evidence. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). The government must prove by clear and convincing evidence that no conditions of release will reasonably assure the safety of any other person in the community. *Id*.

Here, the government relies on the rebuttable presumption for detention applicable to drug offenses punishable by 10 years or more which has been interpreted to shift only the burden of production, and not persuasion, to the defendant. *United States v. Dillon*, 938 F.2d 1412 (1st Cir. 1991); *United States v. Rodriguez*, 950F.2d 85, 88 (2d Cir. 1991); *United States v. Stricklin*, 932 F.2d 1353 (10th Cir. 1991); *United States v. Dominguez*, 783 F.2d 702 (7th Cir. 1986); *United States v. Moore*, 607 F. Supp. 489 (N.D. Cal.1985). This burden of production requires the defendant to produce "some credible evidence" to reasonably assure his appearance and that he is not danger to the community. *United States v. Carbone*, 793 F.2d 559 (3rd Cir. 1986). Once the defendant produces some credible evidence, the burden of proof remains on the government to prove the defendant is a risk of flight and danger to the community. *See United States v. Clark*, 791 F. Supp. 259 (E.D. Wash. 1992).

The Court will consider the following factors at the detention hearing when considering whether a defendant has rebutted the presumption and the Government has otherwise met its burden of proof:

(1) the nature and circumstances of the offense charged;

MEMORANDUM OPPOSING DETENTION
(U.S. v. JUSTIN HANSON, CR23-5085 DGE) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

See 18 U.S.C. § 3142(g).

### III.    ARGUMENT

For the reasons set forth below, Mr. Hanson rebuts the presumption by producing credible evidence that he is not a flight risk or a danger to the community and that conditions of release including direct release to an inpatient drug treatment program, and successful completion of that program, will assure his appearance at trial.

First, the nature and circumstances of the offense are a difficult factor to evaluate based on the Indictment alone. Mr. Hanson has been charged along with twenty-six other defendants in a twelve-count indictment returned on March 16, 2023. He is charged only under Count 1, Conspiracy to Distribute Controlled Substances. The Government has identified Mr. Hanson as a redistributor in the organization, not a manager, organizer or leader.

Second, the limited evidence the defense has received against Mr. Hanson is not overwhelming and is the least important factor to consider. United *States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990). An undue emphasis on the weight of the evidence creates an impermissible "presumption of guilt." *United States v. Gray*, 651 F. Supp. 432, 436 (W.D. Ark. 1987). The limited discovery summary produced in this matter purports to link Mr. Hanson to two drug transactions involving co-defendants Jesse Bailey and Dana Hanson.

MEMORANDUM OPPOSING DETENTION
(U.S. v. JUSTIN HANSON, CR23-5085 DGE) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150

Third, the history and characteristics of Mr. Hanson show that he has substantial ties to the community and is not a flight risk. Mr. Hanson is 48-years old. He was born, raised, and graduated from high school in the Puyallup area. In 2018, he moved from Puyallup to Kennewick, Washington. He moved to Burbank, Washington about a year and a half ago where he resided with his wife of 12 years and her son. He has family throughout Washington. His brother, Donnie Hanson, also lives in Burbank, and Mr. Hanson has contact with him daily. His mother lives in Kennewick, Washington, and his father lives in Tacoma. He has three adult children from his first marriage, including a 22-year-old daughter in Richland, Washington who he communicates with regularly. He does not possess a passport and is not a flight risk.

Mr. Hanson has proven his ability to comply with conditions of release and to maintain employment. He successfully completed a three-year term of federal supervision from March 2019 until March 2022 (with a single violation in April 2021) and was employed for a substantial portion of that period at West Coast Auto Dealers. He only became unemployed when the business closed about 18 months ago. Mr. Hanson was previously employed at Parkland Auto Center in Tacoma for 8 years and Sound of Auburn in Auburn, WA for 10 years.

Mr. Hanson has an acknowledged history of drug use, but he is willing to participate in drug treatment and has already undergone a drug and alcohol evaluation for an inpatient treatment referral in the week he has been housed at the FDC. *See infra* Section IV. He is willing to release directly to an inpatient drug treatment facility and a bed date has been secured. Mr. Hanson then expects to obtain re-employment upon completion of inpatient treatment. Jeremy O'Brien the current general manager of Clickit RV in Pasco, Washington has confirmed that he would hire Mr. Hanson upon his successful completion of an inpatient program. Additionally, Counsel contacted Carmen Ostrem at South Tacoma Auto on April 11, 2023. Mr. Hanson had

MEMORANDUM OPPOSING DETENTION
(U.S. v. JUSTIN HANSON, CR23-5085 DGE) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150

previously worked for Mr. Ostrem in auto sales. Mr. Ostrem also confirmed that he would hire Mr. Hanson upon his successful completion of an inpatient program.

Finally, Mr. Hanson's criminal history is largely dated and non-violent with the exception of a single assault 4 – dv conviction from 2004, almost 20 years ago. Any danger to the community may be addressed through conditions of release, including drug testing and, if deemed necessary, location monitoring.

### IV. RELEASE PLAN

**Drug Treatment:** On April 10, 2023, Mr. Hanson was evaluated by a certified substance abuse counselor for referral to an inpatient treatment facility. The evaluation includes a recommendation for inpatient treatment with a duration of 1-3 months.

Counsel has contacted ABHS, which provides inpatient drug treatment facilities. ABHS has been provided with Mr. Hanson's drug and alcohol evaluation. ABHS has an inpatient facility in Port Angeles, Washington with immediate bed space, which has been confirmed by the Probation Office. Mr. Hanson has been granted an available bed date of Monday, April 17, 2023.

The defense proposes that the Court release Justin Hanson with the condition that he be admitted to inpatient treatment within 24 hours of his release from the FDC. A further condition of release would be successful completion of a 28-day inpatient program. Following that, Mr. Hanson will abide by any drug treatment, counseling and testing requirements imposed by the Court.

**Residence**: Following completion of an inpatient drug treatment program, Mr. Hanson proposes one of two living options: He has been offered to live with his cousin in Burbank, Washington following successful completion of inpatient treatment and conditioned on regular drug-testing. Mr. Hanson's cousin's name and phone number have been provided to the Probation Office. The second option would be release to a clean and sober home in the

MEMORANDUM OPPOSING DETENTION
(U.S. v. JUSTIN HANSON, CR23-5085 DGE) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150

Seattle/Tacoma area. Mr. Hanson will have a referral from his substance abuse counselor for housing at Ark House Ministries Transitional Housing Program in White Center, Washington following successful completion of an inpatient program.

**Employment:** Mr. Hanson has two options for employment following completion of inpatient treatment, both in auto sales. The proposed employment would depend on Mr. Hanson's post-inpatient-treatment residency location. If Mr. Hanson resides in the Tri-Cities area, the preferred option would be Clickit RV in Pasco. If he resides in the Seattle/Tacoma area, the option would be Sound Auto Sales in Tacoma. Managers at both locations have confirmed they would be amenable to hiring Mr. Hanson following the successful completion of an inpatient drug program.

**Other Conditions**: Mr. Hanson is willing to abide by any other conditions of release deemed appropriate by the Court and Probation Office.

### V.   CONCLUSION

Mr. Hanson has rebutted the presumption of detention by producing credible evidence that he is not a flight risk, will appear in Court and is not a danger to the community. He respectfully asks the Court to deny the Government's motion for detention because there are combinations of conditions, including direct release to inpatient treatment facility, GPS location monitoring and frequent drug testing, which will reasonably assure his appearance and the safety of the community. Mr. Hanson is willing to abide by all conditions the Court and pre-trial services deem appropriate to assure that he appears in Court as instructed.

MEMORANDUM OPPOSING DETENTION
(U.S. v. JUSTIN HANSON, CR23-5085 DGE) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150

DATED this 13th day of April, 2023.

          Davis Wright Tremaine LLP
          Attorneys for Justin Hanson

By _____
Matthew Diggs, WSBA No. 36331
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.757.8175
MatthewDiggs@dwt.com

MEMORANDUM OPPOSING DETENTION
(U.S. v. JUSTIN HANSON, CR23-5085 DGE) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150